# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**UNITED STATES OF AMERICA**

vs.                                                                 **Case No: 8:21-cr-218-CEH-AAS**

**WILLIAM WALKER**
_____/

## ORDER OF DETENTION PENDING TRIAL

Defendant William Walker requests to reopen the matter of detention and for the court to release him pending trial. (Doc. 109). Mr. Walker initially appeared before Judge Monte Richardson in the Jacksonville Division on July 15 and 20, 2021. (Docs. 35 & 83). At the July 20, 2021 hearing, Judge Richardson detained Mr. Walker after Mr. Walker reserved his right to contest the government's motion for detention so that he could address detention instead in the Tampa Division. (Docs. 83 & 95).

On September 9, 2021, the undersigned held a hearing on Mr. Walker's motion. (Doc. 216). At that hearing, the government stood by its prior request for detention on the ground that there is a serious risk that Mr. Walker will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness (18 U.S.C. § 3142(f)(2)(B)). Based on the government's proffer as well as the information otherwise before the court, detention is warranted.

As an initial matter, there is probable cause to believe Mr. Walker has committed the offense charged against him in the Indictment as the return of the Indictment alone is sufficient to establish probable cause. Specifically, Count Four of the Indictment charges Mr. Walker with unlawfully and knowingly conspiring to commit assault with a dangerous weapon against and assault resulting in serious bodily injury to T.B. in connection with Mr. Walker's position in Unforgiven and thus in aid of racketeering activity, in violation of 18 U.S.C. § 1959(a)(6)

I find that the credible information proffered by the government at the hearing establishes, by a preponderance of the evidence, that no condition or combination of conditions of release will reasonably assure the appearance of the Mr. Walker in court as required and, by clear and convincing evidence, that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community, in that:   (1) the weight of the evidence against Mr. Walker is strong and includes evidence that Mr. Walker volunteered that he would be the person to commit the assault; (2) the government also has video evidence of Mr. Walker ordering an escalation of violence by Unforgiven; (3) Defendant has a criminal history that includes violations of probation and failures to appear as well as prior crimes of violence

2

and drug possession and trafficking charges; (4) Mr. Walker has a leadership role in Unforgiven (an organization which has a history of threatening and injuring witnesses), including roles as Treasurer and as the person in charge of particular geographical region; (5) the assault charged in the Indictment did not occur only because the potential victim contacted law enforcement; (6) the government's evidence demonstrates Mr. Walker has a propensity for violent acts in connection with his membership in Unforgiven; (7) Mr. Walker and his wife previously retaliated with violence against other members of Unforgiven in an effort to protect the organization; and (8) various witnesses and victims have indicated to the government that they have been threatened and are in fear should Mr. Walker be released. Mr. Walker's offer of a co-signed bond and electronic monitoring is insufficient to assure his appearance in court and the safety of the community.

It is therefore,

    **ORDERED:**

    (1)    Mr. Walker's request to reopen the detention hearing is **GRANTED**;

    (2)    However, Mr. Walker's request for (Doc. 109) is **DENIED**; and

(2) Defendant shall continue to be committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

ORDERED at Tampa, Florida this 10th day of September, 2021.

*Amanda Arnold Sansone*

AMANDA ARNOLD SANSONE
United States Magistrate Judge