AF Approval \_\_\_\_ for SCN       Chief Approval \_\_\_\_

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.      CASE NO. 8:21-CR-218-CEH-AAS

WILLIAM WALKER,
    a/k/a "THE DUKE"

## PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by Karin Hoppmann, Acting United States Attorney for the Middle District of Florida, and the defendant, William Walker, and the attorney for the defendant, Clyde Collins, Esq., mutually agree as follows:

### A. Particularized Terms

1. **Count(s) Pleading To**

The defendant shall enter a plea of guilty to Count Four of the Indictment. Count Four charges the defendant with knowingly and unlawfully conspiring to commit assault in aid of racketeering activity, in violation of 18 U.S.C. § 1959(a)(6).

2. **Maximum Penalties**

Count Four carries a maximum sentence of three years in prison, a fine not to exceed $250,000, a term of supervised release not to exceed one year, and a special assessment of $100.

Defendant's Initials WW

With respect to certain offenses, the Court shall order the defendant to make restitution to any victim of the offense(s), and with respect to other offenses, the Court may order the defendant to make restitution to any victim of the offense(s), or to the community, as set forth below.

3. <u>Elements of the Offense</u>

The defendant acknowledges understanding the nature and elements of the offense with which defendant has been charged and to which defendant is pleading guilty.

The elements of Count Four (Conspiracy to Commit Assault in Aid of Racketeering) are:

| | |
|---|---|
| First: | The Unforgiven was an "enterprise" as defined in 18 U.S.C. § 1959(b)(2); |
| Second: | The enterprise engaged, or its activities affected, interstate or foreign commerce; |
| Third: | The enterprise, through its members and associates, engaged in "racketeering activity" as defined in 18 U.S.C. §§ 1959(b)(1) and 1961(1); |
| Fourth: | the defendant conspired to commit one of the following crimes of violence which violated either state or federal law:<br>a. Assault with a Dangerous Weapon, or<br>b. Assault Resulting in Serious Bodily Injury; and |
| Fifth: | The crime of violence was for the purpose of gaining entrance to or maintaining or increasing position in the enterprise. |

Defendant's Initials WW

2

4. <u>No Further Charges</u>

If the Court accepts this plea agreement, the United States Attorney's Office for the Middle District of Florida agrees not to charge defendant with committing any other federal criminal offenses known to the United States Attorney's Office at the time of the execution of this agreement, related to the conduct giving rise to this plea agreement.

5. <u>Guidelines Sentence</u>

Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States will recommend to the Court that the defendant be sentenced within the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines, as adjusted by any departure the United States has agreed to recommend in this plea agreement. The parties understand that such a recommendation is not binding on the Court and that, if it is not accepted by this Court, neither the United States nor the defendant will be allowed to withdraw from the plea agreement, and the defendant will not be allowed to withdraw from the plea of guilty.

6. <u>Acceptance of Responsibility - Three Levels</u>

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will not oppose the defendant's request to the Court that the defendant receive a two-

Defendant's Initials WW

3

level downward adjustment for acceptance of responsibility, pursuant to USSG §3E1.1(a). The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

Further, at the time of sentencing, if the defendant's offense level prior to operation of subsection (a) is level 16 or greater, and if the defendant complies with the provisions of USSG §3E1.1(b) and all terms of this Plea Agreement, including but not limited to, the timely submission of the financial affidavit referenced in Paragraph B.5., the United States agrees to file a motion pursuant to USSG §3E1.1(b) for a downward adjustment of one additional level. The defendant understands that the determination as to whether the defendant has qualified for a downward adjustment of a third level for acceptance of responsibility rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that the defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

**B.      Standard Terms and Conditions**

   1.   Restitution, Special Assessment and Fine

The defendant understands and agrees that the Court, in addition to or in lieu of any other penalty, shall order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663A, for all offenses described in 18 U.S.C. § 3663A(c)(1); and the Court may order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663, including restitution as

Defendant's Initials WW

4

to all counts charged, whether or not the defendant enters a plea of guilty to such counts, and whether or not such counts are dismissed pursuant to this agreement. The defendant further understands that compliance with any restitution payment plan imposed by the Court in no way precludes the United States from simultaneously pursuing other statutory remedies for collecting restitution (28 U.S.C. § 3003(b)(2)), including, but not limited to, garnishment and execution, pursuant to the Mandatory Victims Restitution Act, in order to ensure that the defendant's restitution obligation is satisfied.

On each count to which a plea of guilty is entered, the Court shall impose a special assessment pursuant to 18 U.S.C. § 3013. The special assessment is due on the date of sentencing.

The defendant understands that this agreement imposes no limitation as to fine.

2. <u>Supervised Release</u>

The defendant understands that the offense(s) to which the defendant is pleading provide(s) for imposition of a term of supervised release upon release from imprisonment, and that, if the defendant should violate the conditions of release, the defendant would be subject to a further term of imprisonment.

3. <u>Immigration Consequences of Pleading Guilty</u>

The defendant has been advised and understands that, upon conviction, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

5

Defendant's Initials W/W

4.  Sentencing Information

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities, if any, not limited to the count(s) to which defendant pleads, to respond to comments made by the defendant or defendant's counsel, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

5.  Financial Disclosures

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit to the United States Attorney's Office within 30 days of execution of this agreement an affidavit reflecting the defendant's financial condition. The defendant promises that his financial statement and disclosures will be complete, accurate and truthful and will include all assets in which he has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, dependent, nominee or other third party. The defendant further agrees to execute any documents requested by the United States needed to obtain from any third parties any records of assets owned by the defendant, directly or through a nominee, and, by the execution of this Plea Agreement, consents to the release of the defendant's tax returns for the previous five

Defendant's Initials WW

6

years. The defendant similarly agrees and authorizes the United States Attorney's Office to provide to, and obtain from, the United States Probation Office, the financial affidavit, any of the defendant's federal, state, and local tax returns, bank records and any other financial information concerning the defendant, for the purpose of making any recommendations to the Court and for collecting any assessments, fines, restitution, or forfeiture ordered by the Court. The defendant expressly authorizes the United States Attorney's Office to obtain current credit reports in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

6. <u>Sentencing Recommendations</u>

It is understood by the parties that the Court is neither a party to nor bound by this agreement. The Court may accept or reject the agreement, or defer a decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office. The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence will be determined solely by the Court, with the assistance of the United States Probation Office. Defendant further understands and acknowledges that any discussions between defendant or defendant's attorney and the attorney or other agents for the government regarding any recommendations by the government are not binding on the Court and that, should any recommendations be rejected, defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement. The government

Defendant's Initials WW

7

expressly reserves the right to support and defend any decision that the Court may make with regard to the defendant's sentence, whether or not such decision is consistent with the government's recommendations contained herein.

7. <u>Defendant's Waiver of Right to Appeal the Sentence</u>

The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range <u>as determined by the Court</u> pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

8. <u>Middle District of Florida Agreement</u>

It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and cannot bind other federal, state, or local prosecuting authorities, although this office will bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

Defendant's Initials WW

8

9. <u>Filing of Agreement</u>

This agreement shall be presented to the Court, in open court or <u>in camera</u>, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

10. <u>Voluntariness</u>

The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation and advice received from defendant's undersigned counsel (if any). The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial. The defendant further understands that if defendant pleads guilty, the Court may ask defendant

Defendant's Initials WW

9

questions about the offense or offenses to which defendant pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement. The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

11. <u>Factual Basis</u>

Defendant is pleading guilty because defendant is in fact guilty. The defendant certifies that defendant does hereby admit that the facts set forth below are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt.

## FACTS

Prior to the events described in the Counts of the Indictment in this case, and continuing until at least up to and including the date of the Indictment, the defendants and others were members and associates of The Unforgiven, a violent, white-supremacist organization, whose activities affected interstate and foreign commerce (the Enterprise). The Enterprise had the purposes, and used the means and methods, described in the "Introduction" of the Indictment.

The Enterprise, through its members and associates, engaged in racketeering activity as defined in 18 U.S.C. §§ 1959(b)(1) and 1961(1), namely:

Defendant's Initials _WW_

10

   a. acts and threats involving murder, in violation of Sections 782.04, 777.011, and 777.04 of the Florida Statutes;

   b. acts and threats involving kidnapping, in violation of Sections 787.01(1)(a), 777.011, and 777.04 of the Florida Statutes;

   c. acts involving robbery, in violation of Sections 812.13(1) and 777.011 the Florida Statutes;

acts indictable under the following provisions of federal law, including:

   d. 18 U.S.C. § 1503 (relating to obstruction of justice); and

   e. 18 U.S.C. § 1512 (relating to tampering with witnesses, victims, or informants);

and offenses involving the felonious manufacture, receiving, concealment, buying, selling, and otherwise dealing in controlled substances or listed chemicals, in violation of:

   f. 21 U.S.C. § 841 (distributing and possessing with intent to distribute controlled substances); and

   g. 21 U.S.C. § 846 (conspiracy and attempt to distribute and possess with intent to distribute controlled substances).

Unforgiven members often used Florida Department of Corrections Officials to smuggle in controlled substances and other contraband for incarcerated members of the Unforgiven.

The Enterprise committed violence against perceived racial enemies, as well as its own members who failed to abide the Enterprise's constitution and by-laws (its code). The Enterprise viewed cooperation with law enforcement as one of the most serious violations of its code, and one which required extreme punishment.

Defendant's Initials  WW

11

The Enterprise often revoked the membership of those who violated its code with extreme violence, including by forcibly defacing the member's patch tattoos or otherwise violently mutilating the "kill zone" areas of the bodies bearing those patch tattoos.

Beginning in or around 2019 and continuing up through July 2021, in the Middle District of Florida and elsewhere, using interstate wire and electronic communications, the defendant participated the Council—or leadership—of the Unforgiven. Walker had various positions on the Council at different times, including Treasurer and Sector Chief (a leader responsible for all members with a geographic territory). The Council made high-level decisions about the conduct of the Enterprise, including, but not limited to, what acts of violence Enterprise members were authorized and required to take.

As a member of the Council, Walker participated in the assault of D.T. He offered to participate in the assault of H.W. (alleged in Count Seven). He ordered escalating violations (physical assaults) on S.M. He also voiced the need for an extreme punishment of N.G., who was later beaten with a hammer and sliced repeatedly across the back with a pocketknife by Steve Anderson.

Between in or around January 2019 and continuing until at least in or around July 2019, in the Middle District of Florida and elsewhere, the defendant William Walker, along with Maverick Maher, Joshua Fisher, George Andrews, II, James Mapoles, David Howell, Ryan Mclaughlin, Darrin Terranova, Steve Anderson, and Ryann Howard, discussed and voted that members of the Unforgiven would commit

Defendant's Initials  WW

12

a violent assault on T.B. Specifically, they voted to forcibly remove T.B.'s Unforgiven tattoo (placed on his neck), and a tattoo on T.B.'s wife. Howell suggested taking T.B.'s wife's tattoo "completely off." Walker personally volunteered to commit the assault against T.B. The planned assault was in response to allegations that T.B. had violated the rules of the Unforgiven and supported the leadership of a prior enterprise President. During the discussion, members made clear that revoking T.B.'s membership would likely require violence and possibly even the murder of T.B.

The above is merely a brief summary of the events, some of the persons involved, and other information relating to this case and does not include, nor is it intended to include, all of the events, persons involved, or other information relating to this case.

12.   Entire Agreement

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

Defendant's Initials WW

13

13. <u>Certification</u>

The defendant and defendant's counsel certify that this plea agreement has been read in its entirety by (or has been read to) the defendant and that defendant fully understands its terms.

DATED this 10th day of October, 2021.

_____
William Walker
Defendant

_____
Clyde Collins, Esq.
Attorney for Defendant

KARIN HOPPMANN
Acting United States Attorney

_____
Natalie Hirt Adams
Assistant United States Attorney

for: _____
Christopher F. Murray
Assistant United States Attorney
Chief, Violent Crimes and
Narcotics Section

14

# Individual Declaration as to Payment of
# Special Assessment Upon Conviction

I, William Walker, a defendant in Case No. 8:21-CR-218-CEH-AAS, hereby acknowledge that, in accordance with 18 U.S.C. § 3013(a), upon sentencing I will owe the following amount:

**For Felony Offenses Committed before April 24, 1996:**
Felony count:      $50 x _____ counts = $_____

**For Felony Offenses Committed On or After April 24, 1996:**
Felony count:      $100 x _1_ counts = $_100_

**For Misdemeanors, Regardless of Date of Offense:**
Class A Misdemeanor count: $25 x _____ counts = $_____
Class B Misdemeanor count: $10 x _____ counts = $_____
Class C Misdemeanor count or infraction: $5 x _____ counts = $_____

**Total Special Assessment Due:** $_100_

Please check **one** of the following paragraphs and fill in the blanks as appropriate.

_____ I hereby tender a cashier's check, certified check or money order made payable to the Clerk, United States District Court, in the amount of $_____. Payment is for full or partial satisfaction of the special assessment imposed upon me and is being delivered to the Clerk's Office of the Tampa Division, with a copy of this document.

_✓_ I am temporarily unable to pay the special assessment but will pay the same in full on or before the date of sentencing by tendering a cashier's check, certified check or money order made payable to the Clerk, United States District Court, in the amount of $_100_ and delivering it to the Clerk of Court of the Tampa Division, with a copy of this document.

_____ As reflected in the sworn financial statement submitted herewith, I am unable to pay the special assessment now and in the foreseeable future.

10/8/21
Date

/s/ William Walker
William Walker