# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

UNITED STATES OF AMERICA,

v.                                          Case No. 8:21-cr-00218-CEH-AAS

WILLIAM WALKER,

Defendant.

_____

## DEFENDANT'S SUPPLEMENTAL SENTENCING MEMORANDUM

COMES NOW, the Defendant WILLIAM WALKER, by and through undersigned counsel and hereby files this Supplemental Sentencing Memorandum. Counsel moves this Honorable Court for a downward departure from the otherwise applicable advisory guideline range pursuant to USSG 4A1.3(b), or in the alternative, a variance pursuant to 18 USC 3553, for a sentence sufficient, but not greater than necessary to comply with the statutory purposes of sentencing.

## PERSONAL BACKGROUND OF THE DEFENDANT

William "Bill" Walker was born on June 19, 1983, in Jacksonville, Florida. His parents divorced when he was two years old. He was later adopted and raised by his stepfather, Virgil Walker. The Defendant and his wife, Lisa Walker, have been together for almost six years and enjoy a close relationship. Lisa Walker, her daughter, and grandchildren, have

been emotionally and financially impacted by Bill's arrest. Both Lisa Walker and his mother, Dixie Walker, describe Bill as an outgoing, hard worker, who makes people laugh, but made bad choices. Prior to his arrest, Bill Walker was gainfully employed at a large commercial air conditioning company. His employer also describes Bill Walker as hardworking and adds that he has "[g]reat potential to become a Journeyman Sheet Metal Worker and his ability to get along and accepting others was also one of his Strong Points." Letter from Vice President of Operations, Jimmy DePetris, Thermodyne Heating and Cooling Specialists

## FACTUAL AND PROCEDURAL HISTORY

After two convictions at ages 22 and 24 for driving under the influence, and an arrest for disorderly conduct at age 25, Bill Walker was arrested at age 26 for conspiracy to manufacture and possession of methamphetamine Case No. 2009-CF-2209. After 12 months incarceration and 24 months' probation, Bill Walker, at age 29, was arrested on December 10, 2009. and charged with two cases: (i) possession of a controlled substance: alprazolam and diazepam, Case No. 2012-CF-2381, and (ii) conspiracy to produce methamphetamine Case No. 2012-CF-2382. He was sentenced to a concurrent term of forty-two months. Shortly after entering a state prison facility, Bill Walker joined a prison gang called the

2

Unforgiven. When released, Bill Walker continued to associate with other members of the Unforgiven, in both its good work in finding employment and housing for former inmates, and in its bad work, in participating in the gang's administrative and organizational activities.

On July 15, 2021, Bill Walker was arrested for conduct that occurred two years earlier, in January 2019, for the gang's vote and discussions to forcibly remove tattoo patches from an Unforgiven member: "T.B." T.B. had been friend of Bill Walker. TB had previously lived with Bill Walker and Walker's extended family at Bill Walker's house. Mr. Walker was charged in a single count, count 4 of conspiracy to commit assault using a dangerous weapon in aid of racketeering activity. T.B. did not incur any physical injury. Bill Walker timely entered a plea of guilty and accepted responsibility. Pursuant to the agreement, the Government will recommend a three-level reduction for acceptance of responsibility and a sentence within the applicable guideline range.

## MOTION FOR A DOWNWARD DEPARTURE FROM THE ADVISORY GUIDELINE RANGE

Bill Walker requests this Court depart downward based on an over-representation of his criminal history. USSG 4A1.3(b)(1) states:

(b) Downward Departure.

(1) STANDARD FOR DOWNWARD DEPARTURE. If reliable information indicates the defendant's criminal history category over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes, a downward departure may be warranted.

The scoreable convictions for Bill Walker are as follows:

| Offense | Criminal History Points |
|---|---|
| 1. Conspiracy to Manufacture and possession Of controlled substances (Age 26) | 2 |
| 2. Possession of a Controlled Substance Alprazolam/Diazepam (Age 29) | 3 |
| Total | 5 |

On October 10, 2021, at age 29, Bill Walker was charged in two cases: #2021-CF-2382 conspiracy to manufacture methamphetamine and #2021-CF-2381 possession of a controlled substance alprazolam/diazepam. USSG 4A1.2(a)(2) provides that where there was not an intervening arrest and the two sentences were imposed on the same day, the sentences are treated as a single sentence.

The five criminal history points are clearly related to one thing: Bill Walker's addiction in the past to methamphetamine. It should be recognized and applauded that Bill Walker has not been involved in methamphetamine for over eight years. In the time since Bill Walker left prison in 2015, he met his wife and became gainfully employed as an AC sheet metal worker for over three years before his arrest. He did not return to methamphetamine. It must be conceded that Bill Walker smoked marijuana and admitted such to officers upon his arrest. Such habit may be associated with his ADHD which is discussed further in this memorandum.

The five criminal history points involve methamphetamine, and not violence or illegal gang related activities. Bill Walker seeks a departure from five criminal history points to three criminal history points which more accurately represents his criminal history. USSG 4A1.3(b)(1) provides: "If reliable information indicates that the defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes, a downward departure may be warranted."  The guidelines do not provide a definition for "seriousness" or "likelihood." Section 4A1.3 is a policy statement that authorizes the sentencing judge to exercise a departure for such sufficient factors depending on the facts of a particular case.

In United States v. Kortgaard, 425 F.3d 603, 609 (9th Cir. 2005), the court reviewed two principal factors under 4A1.3: "seriousness" and "likelihood of future recidivism". As to the "seriousness" factor, the appellate court observed that "it is the quality of the criminal history and not the quantity which is decisive" citing United States v. Segura-Del Real, 83 F.3d 275, 277 (9th Cir. 1996). The analysis consists of comparing relative judgments about the seriousness of the defendant's prior offenses and his record. As to the seriousness factor, Bill Walker contends that all three cases concerned his meth addiction. As to the second factor of "likelihood," the appellate court analyzed "(1) the quantity (or repetitiveness') of uncounted criminal procedure, (2) the similarly of uncounted criminal conduct to the offense conduct; (3) the degree to which the defendant has been deterred by prior sentences."  As to the "likelihood" factor, it must be noted that Bill Walker has not been associated with meth for over eight years since his release from Florida State prison. He has not been arrested for any kind of crime, other than the instant offense where he threatened but did not actually commit an assault.

VARIANCE FOR OVER-REPRESENTATION OF CRIMINAL HISTORY

Bill Walker has a criminal history that is associated with alcohol or substance use or abuse: DUI, disorderly intoxication – public disturbance,

manufacture, produce, sale, and possession of a controlled substance. PSR Paragraphs 76 – 84. None of the prior arrests or convictions are gang related or have racial overtones. There is no evidence to suggest that he participated in any racially charged organization prior to his incarceration in the Florida prison system. Bill Walker regrets his affiliation with the Unforgiven and looks forward to rejoining his family and his job.

Bill Walker has a criminal history score of five based on two prior drug convictions in 2009 and 2012. This provides a criminal history category of III.  The Defendant's total offense level of 13 with a Criminal History Category III results in an advisory guideline level of 18 to 24 months. PSR Paragraph 128. Since his release from prison, Bill Walker has not been arrested for any type of crime, other than the instant offense where he threatened but did not commit any assault.

<u>VARIANCE FOR HISTORY AND CHARACTERISTICS</u>

In paragraph 144, the Probation Officer reports that the following 18 USC 3553(a)(1)-(7) factors may warrant a sentence outside the advisory guideline system: (i) the nature and circumstances of the offense and the history and characteristics of the defendant, including his violent

involvement in a highly organized white supremacist organization; (ii) his substance abuse history; and (iii) his untreated mental health history.

Bill Walker's substance abuse history is set forth above. However, it is the untreated mental health history and substance abuse that underscores the offenses and criminal history. This defendant was diagnosed with attention deficit hyperactivity disorder [ADHD] but did not receive any psychiatric treatment. He has a history of hyperactivity and troubles in focusing on a problem or issue. This led to him dropping out of school at the 11th grade. It can be clearly recognized that such a medical condition led to abuse of methamphetamine. The use of marijuana is also recognized as self-medication for individuals afflicted with ADHD.

Other Courts have varied downward on account of untreated ADHD. In United States v. Patzer, 548 F.Supp.2d 612 (N.D. Ill. 2008), the court varied downward based on the defendant's history and characteristics including ADHD. See also, United States v. Gapinski, 422 F. App'x 513 (6th Cir. 2011) (citing Patzer, district court directed to consider a lower sentence based upon alleged diminished capacity due to ADHD).

A last point must be made based upon the recent physical injury to Bill Walker during his incarceration at the Citrus County Jail. On or about

March 28, 2022, it was reported that Bill Walker broke his arm, reportedly in two places, which required hospitalization and two surgeries. It is also reported that physical therapy will be critical for a goal of full recovery. Undersigned counsel is not aware of the circumstances of the cause of the injury as reported by the US Marshal. However, it is counsel's understanding that the injury was severe and would require physical therapy. As such, counsel contends that a departure or variance is appropriate, and that Bill Walker be required to obtain both mental health treatment and physical therapy during a term of supervised release.

<u>CONCLUSION</u>

Mr. Walker respectfully requests that this Honorable Court consider the information and arguments outlined in this Supplemental Sentencing Memorandum and prior Sentencing Memorandum, and attachments, in determining his sentence. Counsel submits that under the circumstances of this case, with the Defendant's substance abuse and mental health issues, now coupled with a broken arm and physical therapy, that can be best addressed during his term of supervised release, a low end of the guidelines sentence of twelve (12) months is "sufficient but not greater than necessary to comply with" the goals of sentencing.

Date:  April 6, 2022

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing has been furnished

by ECF to Samantha E. Beckman, Office of the United States Attorney, 400

North Tampa Street #3200 Tampa, Florida 33602-4798

Samantha.beckman@doj.gov this 6th day of April 2022.


Respectfully Submitted,

/s/ Clyde Collins

Clyde M. Collins, Jr., P.A.

Florida Bar No. 0342688

3955 Riverside Avenue

Jacksonville, Florida 32205

Telephone 904/442-5151

clydemcollinsjr@aol.com